NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1884.

ST. FRANCES HOSPITAL *v.* SCHRECK.

*In the matter of the estate of* ANTON MUSSIG, *deceased.*

An act was passed by the legislature, in 1866 (L. 1886, ch. 201, §7), declaring that the corporation thereby created should be "subject to the provisions of title seven, part first, of chapter eighteen of the Revised Statutes, in relation to devises or bequests by will." The R. S. contain no such title ; but, in a compilation, published as the fifth edition of the R. S., in 1859, a so-called seventh title was appended to the chapter in question, consisting of Laws of 1848, chap. 319, the sixth section whereof contains a restriction upon devises and bequests contained in a will not made and executed at least two months before the death of the testator.—

*Held*, that the reference in the act of 1866 was to the act of 1848, appearing as the added title in the compilation referred to.

The designation of "St. Frances Hospital," as a legatee, *held* a curable misnomer for the "Sisters of the Poor of St. Frances."

CONSTRUCTION of decedent's will upon application for the probate thereof, made by Frank Schreck, the

executor therein named. The facts are stated in the opinion.

GEO. F. ROESCH, *for petitioner.*

A. SIMIS, Jr., *special guardian.*

THE SURROGATE.—The paper propounded as the will of this decedent is entitled to probate. A decree may be entered, accordingly. · It makes two bequests which I am asked to pronounce void: one to "St. Nicholas German Roman Catholic church," the other to "St. Frances Hospital in Fifth street." The testator died ten days after he executed his will. Because of this fact, it is claimed that both the bequests in question are invalidated by the restrictive provisions of L. 1848, ch. 319, § 6, which declares that testamentary gifts to certain corporations shall not take effect, unless the execution of the will whereby they are granted precedes, by at least two months, the death of its maker.

The St. Nicholas German Roman Catholic church was incorporated under L. 1813, ch. 60, and is, accordingly, empowered, by L. 1863, ch. 45, to take devises and bequests without such restrictions as are established by the act of 1848 (Riley v. Diggs, 2 *Dem.*, 184). The objection to the legacy in its behalf cannot be sustained.

There is no doubt that, by his bequest to "St. Frances Hospital," the testator intended to benefit the "Sisters of the Poor of St. Frances," a corporation organized under L. 1866, ch. 201. Section 6 of that act contains a provision which would prevent a

mistake, in naming this institution as legatee in a will, from defeating the testator's intention. Besides, even in the absence of such provision, the error would not be fatal (Riley v. Diggs, *supra*).

This bequest must, however, be pronounced invalid. By § 7 of the act of 1866 (*supra*), this corporation is made " subject to the provisions of title 7, part 1, of chapter eighteen of the Revised Statutes."

The 5th edition of the compilation, "arranged in the manner of the Revised Statutes," was published in 1859 by Banks & Bros. Section 6 of the act of 1848 there appears as part of title 7 (2 Banks, 5th ed., p. 624). It was, doubtless, this arrangement of the statutes to which the legislature referred. The act of 1848 never, in fact, formed part of the Revised Statutes, but I have no doubt that the reference, in the act of 1866, to the provisions of title 7 subjected this corporation to the restrictions which the act of 1848 established (People v. Clute, 50 *N. Y.*, 451).